# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br>FLINT-MCCLUNG CAPITAL LLC and SHAWON MCCLUNG<br><br>              Defendants. | CASE NO. 11-cv-1644 (J. Arguello) |

## CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANTS

This cause comes before this Court upon Plaintiff U.S. Commodity Futures Trading Commission's ("Commission") Complaint and its *Ex Parte* Motion for Statutory Restraining Order, Expedited Discovery, An Accounting, An Order to Show Cause Regarding Preliminary Injunction and Other Equitable Relief ("Motion"); and the Court having considered the Complaint, the Motion, the Commission's Brief in Support of the Motion, and other evidence submitted and papers filed in this action hereby finds as follows:

Defendants Flint-McClung Capital LLC ("FMC") and Shawon McClung ("McClung"), without admitting or denying the allegations of the Complaint for the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), but admitting to allegations referring to jurisdiction and venue as stated under Section I below, consent to entry of this Order and state that this Order is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce

them to consent to this Order. For the purposes of this Order, Defendants FMC and McClung waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I.

### *Jurisdiction and Venue*

**IT IS HEREBY ORDERED** that:

1. The Court has jurisdiction over the transactions at issue in this case pursuant to Section 6c of the Commodity Exchange Act (the "Act"), as amended by the CFTC Reauthorization Act of 2008 ("CRA"), to be codified at 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2), for conduct that occurred on or after June 18, 2008, the date of enactment of the CRA. Section 6c(e) of the Act, 7 U.S.C. § 13a-1 (2006), authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Defendants are found, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

## II.

### *Prohibition from Violations of the Act*

**IT IS FURTHER ORDERED** that:

Defendants FMC and McClung, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of defendants, and all persons insofar as they are acting in active concert or participation with defendants who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

1. in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market–

> (A) cheating or defrauding or attempting to cheat or defraud the other person; or
>
> (C) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contact for or, in the case of paragraph (2), with the other person

in violation of Section 4b(a)(2)(A) and (C) of the Act, as amended by the CRA, to be codified at § 6b(a)(2)(A) and(C), which applies to Defendants' foreign currency ("forex") transactions "as if" they were a contract of sale of a commodity for future delivery. Section 2(c)(2)(C)(iv) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iv).

2. acting as a commodity pool operator ("CPO") if defendants want to solicit or accept orders from non-Eligible Contract Participants ("ECP") in connection with forex

3

transactions for a pooled investment in violation of Section 2(c)(2)(C)(iii)(I)(cc) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(cc), and Regulation 5.3(a)(2)(i), 17 C.F.R. § 5.3(a)(2)(i) (2011);

3.   acting as an associated person ("AP") without being registered as such, soliciting funds for participation in a pool from prospective and actual participants and/or supervised others in violation of Section 2(c)(2)(C)(iii)(I)(cc) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2)(C)(iii)(I)(cc), and Regulation 5.3(a)(2)(ii), 17 C.F.R. § 5.3(a)(2)(ii) (2011).

## III.

### *Force and Effect*

**IT IS FURTHER ORDERED** that:

This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. The Order Granting Plaintiff's *Ex Parte* Motion for a Statutory Restraining Order, Expedited Discovery, An Accounting, An Order To Show Cause Regarding Preliminary Injunction and Other Equitable Relief ("Motion") previously ordered by the Court by the consent of the parties shall be modified in part and remain in full force and effect until further order of this Court.

The parties agree that the SRO shall be modified in part as follows:

1. The Defendants agree to provide a full accounting and account statements within 10 days of the Court's modified Order.
2. If the Plaintiff believes that a deposition will take longer than 7 hours to complete, it will give both the witness and the Defendants notice in advance.

3. The Plaintiff agrees to give 7 days notice prior to any deposition conducted during expedited discovery

SO ORDERED: this **7th** day of **July**, 2011, at Denver, Colorado.

*Christine M. Arguello*
UNITED STATES DISTRICT JUDGE ARGUELLO

CONSENTED TO AND APPROVED, in Denver, Colorado, this 6th day of July, 2011:

*Shawon McClung*
Shawon McClung
Personally and as Corporate Representative for Defendant Flint-McClung Capital LLC.

ATTORNEYS FOR THE PLAINTIFF
U.S. COMMODITY FUTURES TRADING COMMISSION

/s/ Alison B. Wilson
Alison B. Wilson, DC Bar No. 475992
Chief Trial Attorney
Boaz Green, DC Bar No. 977520
Trial Attorney
Gretchen L. Lowe, DC Bar No. 421995
Associate Director
U.S. Commodity Futures
Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, DC 20581
(202) 418-5568 (Wilson)
(202) 418-5523 (fax)